FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID W. MARTIN, | No. 08-55392 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-01022-W-NLS |
| v. | |
| JAMES E. TILTON, Secretary of the Department of Corrections and Rehabilitation; - TILTON, Secretary of CDC&R; BEN CURRY, Warden; JERRY BROWN, Attorney General of the State of California, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted April 13, 2011
Pasadena, California

Before: D.W. NELSON, BYBEE, and M. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

California state prisoner David W. Martin ("Martin") appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253(a),[1] and we affirm.

Even though Martin did not forfeit any work-time credits as a result of the disciplinary finding, we have jurisdiction because the Board of Parole will consider the charge when it evaluates Martin's eligibility for parole. *See Docken v. Chase*, 393 F.3d 1024, 1028 (9th Cir. 2004) ("[H]abeas corpus jurisdiction exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is *likely to accelerate* the prisoner's eligibility for parole.") (citation omitted) (alterations omitted); *see also* 15 Cal. Code Regs. § 2402(c)(6).

Martin contends that the senior hearing officer's 2005 decision finding him guilty of mutual combat without serious injury violated due process. We conclude that the state court's conclusion that some evidence supports the decision was not objectively unreasonable. *See* 28 U.S.C. § 2254(d)(2); *Yarborough v. Gentry*, 540 U.S. 1, 5 (2004); *see also Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

Because we find that some evidence supports the disciplinary charge, we need not address whether California's refusal to recognize Martin's claim of self-defense violates "clearly established Federal law." 28 U.S.C. § 2254(d)(1).

---

[1] We certify for appeal, on our own motion, the issue of whether the 2005 decision following the prison disciplinary hearing finding Martin guilty of mutual combat violated due process.

Martin's request for judicial notice is granted.

AFFIRMED.